**United States District Court**
**For the Eastern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>CHARLES WAYNE UPTERGROVE,<br><br>      Defendant. | No. 1:10-cv-01598-RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 15]** |

Plaintiff, the United States of America ("plaintiff"), moves for default judgment against defendant Charles Wayne Uptergrove ("defendant"). The court has considered the papers submitted in support of plaintiff's motion. For the reasons set forth below, the motion for default judgment is granted.

# I. BACKGROUND

**A.    Factual History**

Defendant is a California resident formerly living at a residence in Chowchilla, California.[1] Dkt. No. 1, Complaint ("Compl.") ¶ 2. In a previous district court action, plaintiff filed a complaint with the U.S. District Court for the Eastern District of California against defendant, his wife and various entities holding liens on or interest in the Chowchilla residence, seeking a judgment of foreclosure on a lien recorded by the Internal Revenue Service for defendant's unpaid taxes. Compl. ¶ 3. Attempting to discharge said taxes and tax liens, defendant filed a voluntary Chapter 7 petition in bankruptcy court and an adversary proceeding commenced. Compl. ¶ 4. However, defendant was unsuccessful in discharging his tax obligations and liens. The district court therefore entered a foreclosure judgment for plaintiff and against defendant. Compl. ¶ 6.

On February 18, 2010, defendant filed a UCC Financing Statement with the California Secretary of State, recorded as Document No. 24011070003, filing number 10-7223172570. Compl., Exhibit A. The financing statement named Victoria C. Minor, Court Clerk of the United States District Court for the Eastern District of California, as a "Debtor" to defendant both in her official capacity and personally. *Id.* The financing statement allegedly encumbers collateral as follows:

> Purchase money security agreement, Contract No. 1:06-cv-1630-AWI-GSA United States security obligation, purchase contract for equal application of the Rules as published current federal procedures, a purchase money resulting trust, securty [sic] against unreasonable seizures, Statutes codes regulation, officials, employees agents public hazard bonds under fiduary [sic] obligation, undertaking or surety required by law.

The collateral description references as a "contract" the previous district court action, Case No. 1:06-cv-1630-AWI-GSA, *United States v. Uptergrove, et al.*, which resulted in the foreclosure of defendant's Chowchilla property. Compl. ¶¶ 3, 10. Ms. Minor has not entered into any contracts with defendant, executed any security agreement for the benefit of defendant, nor has she authorized defendant to file any UCC Financing Statements. *Id.* ¶¶ 2-13.

---

[1] After the initiation of this suit, defendant filed a notice of change of address with the court. Dkt. No. 8 (Notice of Change of Address).

On February 18, 2010, defendant filed a second UCC Financing Statement, Document Number 24011070002, filing number 10-7223170295. Compl., Exhibit B. The statement named Richard G. Heltzel, Eastern District of California Clerk of the Bankruptcy Court (now retired), as a "Debtor" to defendant both in his official capacity and personally. *Id.* The financing statement purports to encumber collateral under "Contract No. 09-61423-A-7," with language similar to that in the statement filed against Ms. Minor. *Id.* The cited "contract" references Bankruptcy Case No. 09-61423-A-7, *In Re Uptergrove*, in which defendant failed to obtain an order discharging his tax obligation. Compl. ¶ 4. Mr. Heltzel was Clerk of the Bankruptcy Court at the time the case was pending. Dkt. No. 1-2, Declaration of Richard G. Heltzel ("Heltzel Dec.") ¶ 1. Mr. Heltzel has not entered into any contracts with defendant, executed any security agreement for the benefit of defendant, nor has he authorized defendant to file any UCC Financing Statements. *Id.* ¶¶ 2-14.

Aside from filing UCC Financing Statements, defendant also filed two district court cases, one appeal, and two motions to void judgment under Rule 60, naming as defendants the judges presiding over his cases or appeals, the Chapter 7 Trustee in his bankruptcy case, various attorneys for the United States, the Clerks of the District Court and of the Bankruptcy Court, the Director of the United States Marshal's Office, the Sheriff of Madera County, employees of the State of California and the attorneys representing the holder of the deed of trust to his house. Compl. ¶¶ 17-21; Dkt. No. 1-1, Exhibits D & E. On their face, none of the cases, appeal or motions filed by defendant are meritorious. Compl. ¶¶ 20, 22.

Plaintiff seeks to obtain a judicial declaration that the UCC Financing Statements filed by defendant are false and have no legal effect. Dkt. No. 15-4, Proposed Order Granting Entry of Default Judgment ("Proposed Order") ¶ 2. Plaintiff further seeks an order enjoining defendant, or anyone on his behalf, from filing similar documents, and directing the California Secretary of State to expunge from her Official Records the listed false documents and any other similar documents filed by or on behalf of defendant. Proposed Order ¶¶ 2-4. Plaintiff also seeks to enjoin defendant, or anyone acting on his half, "from filing any pleading dealing with defendant's unpaid taxes, tax liens, and his perceived or alleged grievances arising therefrom." Compl. ¶ 22.

## B. Procedural History

Plaintiff filed a complaint for declaratory judgment on September 1, 2010, initiating this action. On September 22, 2010, a Deputy U.S. Marshal served defendant by substitute service, leaving the summons and the complaint at defendant's known address in the presence of defendant's house caretaker. Dkt. No. 15-3, Motion for Default Judgment, Exhibit 1 (copy of Return of Service). Pursuant to Federal Rule of Civil Procedure 12(a)(1), defendant's answer was due within 21 days after being served with the summons and complaint. Defendant returned the summons and complaint to the U.S. Attorney's Office on September 25, 2010, with the notation "I DO NOT CONSENT" hand-printed diagonally across each page of the complaint. Dkt. No. 15-3, Exhibit 2 (copy of Summons and Complaint annotated by defendant). No answer or responsive pleading was filed within the required time. On October 27, 2010, upon plaintiff's application, the Clerk entered default against defendant and served the notice of entry of default on defendant. Dkt. No. 6-7. On November 22, 2010, defendant filed a notice of change of address with the court. Dkt. No. 8. No other filings by defendant are reflected in the docket. On December 12, 2011, plaintiff filed the instant motion. Dkt. No. 15. Defendant was served notice of plaintiff's motion for default judgment on December 12, 2011, pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 15-5, Certificate of Service by Mail. Defendant has filed no opposition.

## II. DISCUSSION

## A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), when a defendant fails to timely plead or otherwise defend, the plaintiff may move for entry of default judgment. The grant of default judgment is within the court's discretion. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A defendant's default does not automatically entitle the plaintiff to judgment. *See, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (affirming district court's denial of motion for default judgment where the moving party failed to show prejudice).

In considering whether to enter default judgment, the court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th

Cir. 1999). After a court determines that both subject matter jurisdiction and personal jurisdiction are proper, it may exercise its discretion to enter default judgment, taking into consideration the following seven factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Once the Clerk of the Court enters default, all well-pleaded allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The plaintiff must still establish the relief to which it is entitled. *Id.*

**B.   Jurisdiction**

This court has both subject matter jurisdiction and personal jurisdiction in this case. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1345, as this is a civil action filed by the United States.

With respect to personal jurisdiction, here defendant is a California resident. Compl. ¶ 2. Plaintiff must also effectuate valid service of process before this court can assert personal jurisdiction over defendant. *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2011 WL 3903232, at *2 (N.D. Cal. Sept. 6, 2011) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Pursuant to Federal Rule of Civil Procedure Rule 4(e)(2), service of process on an individual other than "a minor, an incompetent person, or a person whose waiver has been filed" may be effected by leaving a copy of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Signed return of service constitutes prima facie evidence of proper service in the context of a motion for default judgment. *S.E.C v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

In this case, defendant is not a minor or an incompetent person. Declaration of Kelli L. Taylor (Taylor Dec.) ¶ 4; Dkt. No. 15-3, Exhibit 3. Plaintiff has presented proof of adequate service

of process under Rule 4(e)(2). On September 22, 2010, a Deputy U.S. Marshal left the summons and complaint at defendant's known address in the presence of defendant's house caretaker. Taylor Dec. ¶ 2; Dkt. No. 15-3, Exhibit 1 (copy of Return of Service). Plaintiff produces a copy of Return of Service signed by both the marshal and the house caretaker, which states that the server "[l]eft copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." Dkt. No. 15-3, Exhibit 1. The copy of Return of Service constitutes prima facia evidence of proper service. *See S.E.C.*, 509 F.3d at 1166; *see also Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3rd Cir. 1971) ("[A]lthough a marshal's return is not conclusive on the question of service on an agent, it will stand in the absence of proof to the contrary."). Further, defendant himself returned the summons and complaint to the U.S. Attorney's Office with the notation "I DO NOT CONSENT" hand-printed across each page, evidencing his actual receipt of the documents. Taylor Dec. ¶ 3; Dkt. No. 15-3, Exhibit 2 (copy of Summons and Complaint annotated by defendant). Therefore, plaintiff has shown it has effected substitute service of process upon defendant, and defendant has failed to timely answer. This court thus has discretion to grant or deny a default judgment under Federal Rule of Civil Procedure 55(b).

**C.    *Eitel* Factors**

After examining the seven *Eitel* factors, this court finds that entry of default judgment is appropriate in this case. *See Eitel*, 782 F.2d at 1471-72.

**1. The Possibility of Prejudice to Plaintiff**

First, this court recognizes the possibility that plaintiff will be prejudiced if default judgment is not entered against defendant. Denying judgment against a defendant who does not participate in litigation leaves the plaintiff with no recourse for recovery until such time as the defendant chooses to litigate. *Joe Hand Promotions, Inc. v. Pete Be*, No. 11–CV–01333–LHK, 2011 WL 5105375, at *2 (N.D. Cal. Oct. 26, 2011). Here, absent a default judgment, defendant's false UCC liens will continue hanging over the two court clerks, causing substantial and immediate injury such as damage to their credit ratings, clouding of title to properties they own and distraction from their ability to perform their official duties. Thus, the first *Eitel* factor weighs in favor of granting default judgment.

**2. Merits and Sufficiency of Plaintiff's Complaint**

Next, plaintiff has satisfied the second and third *Eitel* factors by sufficiently stating a claim for declaratory relief. Under 28 U.S.C. § 2201, district courts have authority to "declare the rights and other legal relations of any interested party seeking such declaration...except with respect to Federal taxes." 28 U.S.C. § 2201(a). Courts in this circuit have routinely granted declaratory relief to expunge sham liens filed against government officials. *See, e.g.*, *United States v. Marty*, No. CIV S-10-2805 KJM EFB, 2011 WL 4056091, at *8 (E.D. Cal. Sept. 12, 2011) (sham UCC Financing Statements filed against IRS and Department of Justice officials held null, void and of no legal effect); *United States v. Edwards*, No. CV F 08-0073-LJO-DLB, 2008 WL 1925243, at *5 (E.D. Cal. Apr. 30, 2008) (sham UCC Financing Statement filed against IRS employees held null, void and of no legal effect).

Under applicable California law, a lien is created by a contract between the parties or by operation of law. Cal. Civ. Code § 2881. Under California Commercial Code Section 9203(b)(3)(A), a security interest in personal property is created by a security agreement between a debtor and the secured party. *Marty*, 2011 WL 4056091, at *5. "In the absence of a valid security agreement, a financing statement does not create an enforceable security interest." *Id.* (citing *In re Wes Dor, Inc.*, 996 F.2d 237, 239 n.2 (10th Cir. 1993)).

In this case, the UCC Financing Statements filed by defendant named Victoria C. Minor, Clerk of Court for the Eastern District of California, and Richard G. Heltzel, Eastern District of California Clerk of the Bankruptcy Court, as "Debtors." Dkt. No. 1-1, Exhibits A-B; Taylor Dec. ¶¶ 5-6. Plaintiff alleges that neither Ms. Minor nor Mr. Heltzel, in their personal or official capacities, has entered into any contracts with defendant, executed any security agreements for the benefit of defendant, nor have they authorized him to file any UCC Financing Statements. Compl. ¶ 15. Therefore plaintiff has pled sufficient facts to show that the UCC Financing Statements filed by defendant against the two Court Officers are false and have no legal effect. *See Marty*, 2011 WL 4056091, at *5.

**3. The Sum of Money at Stake in the Action**

**United States District Court**
For the Eastern District of California

1  The fourth *Eitel* factor for determining whether to enter default judgment is the sum of
2  money at stake. "The Court considers Plaintiff's declarations, calculations, and other documentation
3  of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar*
4  *Tea Corp.*, No. 06-03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here plaintiff is not
5  seeking monetary damages against defendant, but rather declaratory and injunctive relief. Therefore
6  this factor weighs in favor of granting default judgment.

### 4. Possibility of Dispute Concerning Material Facts

Because all well-pleaded allegations in the complaint are taken as true and defendant has not appeared in this action, there is no possibility of genuine dispute concerning material facts. *See Fair Hous.*, 285 F.3d at 906. Thus the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Excusable Neglect

The sixth *Eitel* factor requires the court to review whether a defendant's default is due to excusable neglect. Here, defendant was duly served by the U.S. Marshal's Service with a copy of the summons and complaint on September 22, 2010, Dkt. No. 15-3, Exhibit 1, but failed to answer or otherwise respond within the required time. In addition, defendant filed a change of address on November, 22, 2010, Dkt. No. 8, but did not request that the entry of default be set aside nor offer any substantive response or defense. No evidence shows that defendant's failure to participate in the ligation is due to excusable neglect. The sixth *Eitel* weighs in favor of granting default judgment.

### 6. Policy Favoring Decisions on the Merits

Although federal policy favors decisions on the merits whenever reasonably possible, this policy is not dispositive, particularly when a defendant fails to plead or otherwise defend despite proper service and notice of default. *See, e.g.*, *Trustees of U.A. Local 393 Pension Fund v. ACS Controls Corp.*, No. C-08-01282 RMW, 2009 WL 5604379, at *2 (N.D. Cal. Dec. 28, 2009) ("The policy underlying the Federal Rules of Civil Procedure favors deciding a case on its merits, but doing so is unfeasible when a defendant does not litigate the case."). Here, defendant failed to defend this action despite proper service and ample time to do so, making it unfeasible for this court to decide this case on merits. The last *Eitel* factor does not preclude this court from entering default

1   judgment against defendant, particularly here where the papers filed by defendant appear frivolous
2   on their face.

3   Therefore, this court concludes that default judgment is proper in this case.

**D.   Relief**

Having decided that entry of default judgment is proper in this case, the court now turns to the scope of relief. Pursuant to Federal Rule of Civil Procedure Rule 54(c), a default judgment shall not be different in kind from, or exceed in amount, what is demanded in the pleadings. *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962).

**1. Declaratory Relief**

In its motion for default judgment, plaintiff asks this court to declare that the UCC Financing Statements filed by defendant are false and have no legal effect. Dkt. No. 15-2, Memo of P&As at 5. This request is within the scope of what is demanded in the complaint, and the court finds it reasonable in light of the circumstances of the case. Compl. ¶ 22. Accordingly, the court grants plaintiff's request for declaratory relief.

**2. Injunctive Relief**

Plaintiff asks the court to issue an order directing the California Secretary of State to expunge from her official records the listed false documents and any other similar documents filed by or on behalf of defendant. Compl. ¶ 22; Dkt. No. 15-2, Memo of P&As at 5-6. This court finds the request reasonable, and grants it accordingly.

Plaintiff further seeks a permanent injunction enjoining defendant from filing "similar documents," meaning non-consensual liens or encumbrances without validity or any basis in law or fact. Memo of P&As at 5, 12. Plaintiff also seeks to enjoin defendant "from filing any pleading dealing with his unpaid taxes, tax liens and his perceived or alleged grievances arising therefrom." Compl. ¶ 22.

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982)).  The court finds that all four factors are satisfied in this case.

First, plaintiff has suffered irreparable harm by defendant's filing of frivolous liens and lawsuits against government officials. *See, e.g.*, *Marty*, 2011 WL 4056091, at *7 ("[D]efendant's actions in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel.") (citing *United States v. Van Dyke*, 568 F. Supp. 820, 822 (D. Or. 1983)) (internal quotations omitted).  Here, employees of the federal government have been harassed in their personal lives for doing their jobs, and distracted from performing their official duties. *See Van Dyke*, 568 F. Supp. at 822.  Government employees deserve protection from defendant's reckless, frivolous filings. *Edwards*, 2008 WL 1925243, at *5. Therefore, the first prong of the test for a permanent injunction is satisfied.

Second, remedies available at law, such as monetary damages, are inadequate to compensate for plaintiff's injury.  Absent an injunction, plaintiff has no recourse for stopping defendant from filing more frivolous lawsuits and liens against government employees. *Marty*, 2011 WL 4056091, at *7.  Thus, the second prong of the test is also satisfied.

Third, because defendant's pleadings and UCC liens have no basis in law or fact, defendant will not be injured by an injunction preventing him, or others acting on his behalf, from filing similar documents in the future.  Such an injunction will not impair defendant's ability to file valid, non-frivolous legal claims.  In light of the irreparable harm resulting from defendant's frivolous lawsuits and liens, the balance of hardships weighs in favor of plaintiff.

Lastly, the public's interests in safeguarding the integrity of the judicial process, the efficient administration of the government and the prevention of abuse and harassment of government employees support imposing the permanent injunction plaintiff seeks.  Therefore, the public interest would not be disserved by the issuance of a permanent injunction against defendant. *Van Dyke*, 568 F. Supp. at 822 ("[T]he public interest will be served by an injunction forbidding this harassment in the future.").

1  In sum, this court finds that issuance of a permanent injunction is proper in this case. That
2  said, the court believes the scope of plaintiff's request is too broad. Specifically, plaintiff seeks to
3  preclude defendant's filing of *any* pleading "dealing with his unpaid taxes, tax liens, and his
4  perceived or alleged grievances arising therefrom," Compl. ¶ 22, including pleadings involving
5  future events or conduct not arising from the facts alleged in the complaint. Therefore, this court
6  grants a permanent injunction preventing defendant, or anyone acting on his behalf, from filing any
7  papers similar to those alleged in the complaint, including non-consensual liens or encumbrances
8  without validity or basis in law or fact, and non-meritorious pleadings arising from his unpaid taxes
9  and tax liens that resulted in the foreclosure of the Chowchilla property.[2] Compl. ¶¶ 3-6. This
10 injunction does not prevent defendant from applying to any state or federal court of competent
11 jurisdiction in order to obtain relief for any non-frivolous legal claims or prohibit liens lawfully
12 created by any judgment of a court of competent jurisdiction.

### III. ORDER

For the foregoing reasons, plaintiff's motion for default judgment is granted. The Clerk is directed to enter judgment and close the case.

DATED:    February 24, 2012

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

---

[2] The court need not address plaintiff's request for declaring defendant a vexatious litigant, as plaintiff withdrew this request in its motion for default judgment. Dkt. No. 15-2, Memo of P&As at 6 n.3.